**United States District Court**
**Central District of California**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA vs.** | Docket No. | ED CR 09-00005(A)-TJH    JS-3 |
| **Defendant**  WILLENA STARGELL | Social Security No. 3  5  1  7 | |
| akas:  Willena Moore; Willena Thomas | (Last 4 digits) | |

**JUDGMENT AND PROBATION/COMMITMENT ORDER**

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| SEPT. | 19 | 2011 |

**COUNSEL**   [X] WITH COUNSEL   Peter Swarth, appointed
(Name of Counsel)

**PLEA**   [ ] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   [ ] **NOLO CONTENDERE**   [X] **NOT GUILTY**

**FINDING**   There being a finding/verdict of  [X] **GUILTY,** defendant has been convicted as charged of the offense(s) of:
*Fraud by Wire Affecting a Financial Institution in violation of Title 18 United States Code, Section 1343, as charged in Counts 1, 2, 4, 5, 13 & 14 of the First Superseding Indictment. Aiding and Assisting in the Preparation of False Return in violation of Title 26 United States Code, Section 7206(2), as charged in Counts 7, 8, 10 & 11 of the First Superseding Indictment. Aggravated Identity Theft in violation of Title 18 United States Code, Section 1028(A)(a)(1), as charged in Counts 16 & 17 of the First Superseding Indictment.*

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether there was any reason why judgment should not be pronounced.  Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:  **Forty two (42) months**

The Court ORDERS the defendant to pay to the United States a special assessment of $1200.00, to the Clerk of the Court, which is due immediately.

It is ordered that the defendant shall pay restitution in the total amount of 362,796.07 pursuant to 18 U.S.C. § 3663(a)(3).

The amount of restitution ordered shall be paid as follows:

| Victim | Amount |
|---|---|
| First Security Bank<br>P. O. Box 290<br>Mackinaw, IL 61755 | $ 40,767.07 |
| Santa Barbara Bank and Trust<br>P. O. Box 1390<br>Solana Beach, CA 92075 | $ 67,164.26 |
| IRS-RACS<br>Attention Mail Stop 6261, Restitution<br>333 West Pershing Avenue<br>Kansas City, Missouri 64108 | $254,864.74 |

Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate financial Responsibility Program.  If any amount of the restitution remains unpaid after release from custody, monthly payments of at least $500 or 10% of the defendant's monthly income, whichever is greater, shall be made during the

| USA vs. WILLENA STARGELL | Docket No.: ED CR 09-00005(A)-TJH |
|---|---|

period of supervised release.  These payments shall begin 30 days after the commencement of supervision.

Pursuant to 18 U. S. C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest.  Payments may be subject to penalties for default and delinquency pursuant to 18 U. S. C. § 3612(g).

The defendant shall comply with General Order No. 01-05.  All fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, WILLENA STARGELL, is, hereby, committed on Counts 1, 2, 4, 5, 7, 8, 10, 11, 13, 14, 16 and 17 of the trial Indictment to the custody of the Bureau of Prisons to be imprisoned for a term of **42 months.**

This term consists of 18 months on each of Counts 1, 2, 4, 5, 7, 8, 10, 11, 13 and 14, to be served concurrently, and 24 months on each of Counts 16 and 17, to be served concurrently with each other but consecutively to the terms imposed on 1, 2, 4, 5, 7, 8, 10, 11, 13, and 14.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three (3) years.  This term consist of one year on each of Counts 7, 8, 10, 11, 16 & 17 and three (3) years on each of Counts 1, 2, 4, 5, 13 & 14, all such terms to run concurrently under the following terms and conditions:

**1.**  The defendant shall comply with the rules and regulations of the U.S. Probation Office and General Order 05-02.

**2.**  During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment.

**3.** The defendant shall apply all monies received from income tax refunds to the outstanding court-ordered financial obligation.  In addition, the defendant shall apply all monies received from lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

**4.** The defendant shall truthfully and timely file and pay taxes owed for the years of conviction, and shall truthfully and timely file and pay taxes during the period of community supervision.  Further, the defendant shall show proof to the Probation Officer of compliance with this order.

**5.** The defendant shall not obtain or posses any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name; nor shall the defendant use, for any purpose or in any manner, any name other than her true legal name or names without the prior written approval of the Probation Officer.

**6.** The defendant shall participate in mental health treatment, which may include evaluation and counseling, until discharged from the treatment by the treatment provider, with the approval of the Probation Officer.

**7.** As directed by the Probation Officer, the defendant shall pay all or part of the costs of mental health treatment during the period of community supervision, pursuant to 18 U. S. C. § 3672.  The defendant shall provide payment and proof of payment as directed by the Probation Officer.

**8**. The defendant shall cooperate in the collection of a DNA sample from the defendant.

The Court authorizes the Probation Office to disclose the Presentence Report and/or any previous mental health evaluations or reports, to the treatment provider for the defendant's mental health treatment.  The treatment provider may provide information, excluding the presentence report, to state or local social service agencies such as the State of California, Department of Social Services, for the purpose of the client's rehabilitation.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

| | |
|---|---|
| USA vs.   **WILLENA STARGELL** | Docket No.:   **ED CR 09-00005(A)-TJH** |

It is further ordered that the defendant surrender herself to the institution designated by the Bureau of Prisons on or before 12 noon, on JANUARY 19, 2012. In the absence of such designation, the defendant shall report on or before the same date and time to the United States Marshal located at the United States District Court, 3470 Twelfth Street, Room G122, Riverside, California.

The Court informs the defendant of her right to appeal.  Bond exonerated upon self surrender.

If the appeal is still pending the Court will continue the matter until the appeal has been decided.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

9/22/2011
Date

Terry J. Hatter, Jr., U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Terry Nafisi,  Clerk of U.S. District Court

9/22/2011
Filed Date

By
Deputy Clerk

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

✗   **The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).**

| | |
|---|---|
| USA vs.  **WILLENA STARGELL** | Docket No.:  **ED CR 09-00005(A)-TJH** |

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).  Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office.  18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full.  18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k).  The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k).  See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

    1. Special assessments pursuant to 18 U.S.C. §3013;
    2. Restitution, in this sequence:
        Private victims (individual and corporate),
        Providers of compensation to private victims,
        The United States as victim;
    3. Fine;
    4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
    5. Other penalties and costs.

### SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account.  All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses.  Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

### RETURN

I have executed the within Judgment and Commitment as follows:

| | |
|---|---|
| USA vs. **WILLENA STARGELL** | Docket No.: **ED CR 09-00005(A)-TJH** |

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____
Date                Deputy Marshal

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____
Filed Date                Deputy Clerk

---

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
Defendant                Date

_____     _____
U. S. Probation Officer/Designated Witness                Date